UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

CLEAR EMPLOYER SERVICES,

        Plaintiff,

v.

SETH TRANSPORTATION II, INC.

        Defendant.

Civ. Action No. 18-16914 (FLW)

**ORDER**

---

**THIS MATTER** having been opened to the Court by Casey G. Watkins, Esq., counsel for Plaintiff CLEAR Employer Services ("Plaintiff" or "CLEAR"), on a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2); it appearing that Defendant Seth Transportation II, Inc. ("Defendant" or "Seth Transportation"), through its counsel, William H. Tobolsky, Esq., opposes the motion and cross-moves to vacate the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c); it appearing that, Defendant also requests permission to file an answer to Plaintiff's Complaint; it appearing that the Court, having reviewed the parties' submissions in connection with the motions, pursuant to Fed. R. Civ. P. 78, makes the following findings:

(1)     Federal Rule of Civil Procedure 55 governs the entry of default judgment. Under subsection (c) of that rule, a district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether good cause exists, a district court must weigh three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Malik v. Hannah*, No. 05-3901, 2007 U.S. Dist. LEXIS 72599, at

1

    *1 (D.N.J. Sept. 27, 2007) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). Ultimately, however, the decision to vacate default falls within the sound discretion of the district court. *Chamberlain*, 210 F.3d at 164; *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (stating that "the entry of a default judgment is left primarily to the discretion of the district court.").

(2)  On June 11, 2015, Seth Transportation entered into a "Client Services Agreement" (the "Agreement") with Fusion Employer Services, LLC ("Fusion"). Complaint ("Compl."), ¶ 12. On January 1, 2016, Fusion assigned its rights under the Agreement to CLEAR, which provides "comprehensive human resource services" for businesses. *Id*. at ¶¶ 9, 13. Pursuant to the Agreement, CLEAR administered Seth Transportation's payroll[1] and secured workers' compensation coverage on Seth Transportation's behalf, while managing "workers compensation claims, claims filings," and other related procedures. *Id*. at ¶¶ 17-29.

(3)  Seth Transportation, on the other hand, agreed to provide CLEAR with employee "attendance records" and funds owed for a given pay period, so that CLEAR could perform the agreed upon payroll services. *Id*. at ¶¶ 19-22. In addition, Seth Transportation was required to reimburse CLEAR for the fees and costs which arose from "securing and maintaining workers'

---

[1]  More specifically, CLEAR's payroll obligations to Seth Transportation include: "prepare and distribute payroll checks . . . , make the appropriate payroll deductions, file the appropriate reports and make payment to proper government authorities for all applicable federal, state, and local payroll taxes, Social Security tax, and federal and state unemployment insurance taxes[.]" Compl., ¶ 17.

compensation coverage" on behalf of Seth Transportation. *Id*. at ¶ 27. In the event that Seth Transportation did not comply with its contractual obligations, it incurred late payment fees and interest charges, in an amount set forth in the Agreement. *Id*. at ¶¶ 22-24, 28-29.

(4) Between 2016 and 2018, Seth Transportation committed purported breaches of the Agreement. More specifically, Seth Transportation did not remit required payments to CLEAR for payroll services, nor did it cure submitted payments which either "bounced" or were "returned" due to a lack of sufficient funds in Defendant's bank account. *Id*. at ¶¶ 36-37. In addition, Seth Transportation failed to fully compensate CLEAR for procuring workers' compensation coverage on its behalf, resulting in a "substantial deficiency" in unpaid coverage. *Id*. at ¶ 38. As a result, CLEAR alleges that Seth Transportation is liable for $545,132.00 in damages, an amount which includes late fees and interest charged.

(5) On December 6, 2018, CLEAR filed the instant two-count Complaint, asserting claims for breach of contract and unjust enrichment against Seth Transportation. After Seth Transportation's deadline to file an answer expired, on February 12, 2019, the Clerk of Court granted CLEAR's request for default against Seth Transportation, for having failed to plead or otherwise defend in this action. CLEAR then filed the instant motion for default judgment, which Seth Transportation opposes and cross-moves to vacate the Clerk's entry of default.

(6) In evaluating a motion to vacate an entry of default, "[t]he threshold question


3

. . . is whether [the defendant] has established a meritorious defense. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). Here, Seth Transportation does not provide a meritorious defense with respect to its liability, but rather challenges the amount that is allegedly due to CLEAR under the Agreement. Defendant's Opposition, at 2. In that regard, Seth Transportation submits a Declaration from Mallary Bennett, the vice president of the corporation, wherein she states that Seth Transportation only "owe[s] CLEAR" the amount of $67,429.64, not $545,132.00, as Plaintiff contends.[2] Declaration of Mallary Bennett, ¶ 18. Significantly, however, no other litigable defenses are raised in the Declaration, aside from contesting the amount of damages. Indeed, Seth Transportation does not dispute that it committed a contractual breach of the Agreement by failing to fully compensate CLEAR for services performed. Therefore, Seth Transportation's limited defense weighs in favor of vacating the Clerk's entry of default with respect to damages, only. *See, e.g., DirecTV, LLC v. Alvarez*, No. 15-06827, 2017 U.S. Dist. LEXIS 159133, at *4-5 (D.N.J. Sept. 27, 2017) (finding that the plaintiff raised a "meritorious defense as to damages," by disputing the amount owed).

(7) Second, no prejudice will result from vacating the Clerk's entry of default against Seth Transportation as to damages. "Prejudice to the plaintiff exists where a defendant is judgment-proof or where there has been a loss of

---

[2] Contrary to Plaintiff's contentions, the accountings attached to Seth Transportation's Declaration, setting forth the "status of [its] accounts with Plaintiff," are sufficient to raise a meritorious defense as to damages.

available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. Appx. 519, 524 (3d Cir. 2006); *Alliots v. Meat House Franchising, LLC*, No. 14-1207, 2014 U.S. Dist. LEXIS 95733, at *3 (D.N.J. July 14, 2014) (quotations and citation omitted). Here, Plaintiff provides no support that vacating the Clerk's entry of default will hinder its ability to prosecute this action. Rather, CLEAR contends that prejudice will result from having "expended unnecessary legal fees in seeking the default judgment" if it is set aside, and that it has been unable to utilize the funds which Seth Transportation owes "for future opportunities." However, in addition to the fact that these are not the types of prejudice contemplated by Rule 55(c), Plaintiff can seek fees through a fee application. Indeed, even CLEAR agrees that a breaching party must pay the non-breaching party's "costs and reasonable attorney's fees" under the Agreement, in the event that a lawsuit is required to enforce its provisions. In addition, Plaintiff's vague reference to "future opportunities" lacks the requisite degree of specificity to show prejudice, and, thus, this factor weighs in favor of vacating the Clerk's entry of default as to damages.

(8) Third, the Clerk's entry of default did not result from culpable conduct. The standard for "culpable conduct" in the Third Circuit requires evidence of "willfulness" or "bad faith" on the part of the non-responding defendant. *Hritz v. Woma Corp.*, 732 F.2d at 1182. Here, Seth Transportation concedes that it was aware of the instant lawsuit, having been properly served with a

5

copy of Plaintiff's Complaint on December 10, 2018. Nonetheless, as an explanation for its delay in responding to this action, Seth Transportation contends that Jeremy Iandolo, Esq., its general corporate counsel, engaged in several efforts to amicably resolve this dispute. However, these attempts were unsuccessful, requiring Seth Transportation to secure local counsel, further contributing to its untimely response to Plaintiff's Complaint. While Seth Transportation could have exercised more diligence, courts within this circuit have found that, "where a party's lack of action appears to be based in active attempts to settle," a finding of willfulness or bad faith is inappropriate. *See, e.g.*, *Alvarez*, 2017 U.S. Dist. LEXIS 159133, at *7; *1199 SEIU United Healthcare Workers East v. Amboy Care Ctr., Inc.*, No. 15-309, 2015 U.S. Dist. LEXIS 75619, at *6 (D.N.J. June 11, 2015) ("[T]he alleged belief that the case might be settled . . . militates against a finding of culpable conduct."). This factor, too, weighs in favor of vacating the entry of default as to damages.

(9) Having weighed Rule 55(c)'s factors, on balance, the Court finds that the entry of default should be vacated for good cause as to the issue of damages, only.[3] However, the entry of default as to Seth Transportation's liability shall remain, as it has not raised a litigable defense in this context. While the appropriate amount of damages will ultimately require resolution, the Court need not presently hold an evidentiary hearing in order to ascertain that

---

[3] Seth Transportation's request for leave to file a sur-reply, in order to further address the factors of prejudice and meritorious defense, is denied. No additional briefing on these issues are required, in light of the Court's holding vacating the entry of default, as to the amount of damages owed.

figure, as Plaintiff requests. Rather, the parties shall first engage in discovery limited to damages.[4]

Accordingly,

**IT IS** on this 23rd day of August, 2019,

**ORDERED** that Plaintiff's motion for default judgement is **DENIED**; it is further

**ORDERED** that Defendant's motion to vacate the entry of default is **GRANTED** as to the amount of damages owed, only; it is further

**ORDERED** that the parties shall engage in discovery limited to damages; and it is further

**ORDERED** that Defendant shall file an Answer regarding damages, within ten (10) days from the date of this Order.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

---

[4] Without ruling on the issue, the Court notes that Plaintiff's alternative claim for unjust enrichment cannot stand, in light of the fact that Seth Transportation does not dispute that it has breached the Agreement. *Simonson v. Hertz Corp.*, No. 10-1585, 2011 U.S. Dist. LEXIS 32755, at *22 (D.N.J. Mar. 28, 2011) ("[A] plaintiff may not recover on both a breach of contract claim and an unjust enrichment claim . . . ."); *Trico Equip., Inc. v. Manor*, No. 08-5561, 2011 U.S. Dist. LEXIS 17936, at *22 (D.N.J. Feb. 22, 2011) ("[A] party may not recover for both unjust enrichment and breach of contract.") (citing *Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 311 (3d Cir. 1982)). Thus, while Plaintiff's unjust enrichment claim should be dismissed, the instant motion is not the appropriate vehicle to effectuate that result.